## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GIORGI BULEISHVILI,** | **:** | |
| **Petitioner** | **:** | **CIVIL ACTION NO. 1:20-1694** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **AMANDA HOOVER, <u>et al.</u>,[1]** | **:** | |
| **Respondent** | **:** | |

### <u>MEMORANDUM</u>

Pending before the court is the report of Magistrate Judge Susan E. Schwab, which recommends that the court grant the petition for writ of habeas corpus pending in the above-captioned matter and order that an immigration judge conduct a bond hearing in accordance with <u>Santos v. Warden Pike Cty. Corr. Facility</u>, 965 F.3d 203 (3d Cir. 2020). (Doc. 17). Based upon the court's review of the record, Judge Schwab's report will be **ADOPTED IN ITS ENTIRETY**.

---

[1] Also named as respondents are Simona Flores-Lund, an ICE Field Office Director; William Barr, the former Attorney General; and Kirstjen Nielsen, a former Secretary of the Department of Homeland Security. Judge Schwab has correctly determined that the only proper respondent in this case is Warden Amanda Hoover. As such, she recommends dismissal of any other named respondent. No party has objected to Judge Schwab's report in this respect. The court finds no clear error of record with regard to this recommendation and, therefore, any respondent, other than Warden Hoover, will be dismissed.

The background and procedural history of the instant action set forth by Judge Schwab in her report has not been challenged in any material fashion. Judge Schwab's report sets forth the following:

> Buleishvili, who is a native and citizen of Georgia, was admitted to the United States in 2003 as a nonimmigrant visitor. In 2012, his status was adjusted to that [of] a lawful permanent resident. In 2017, Buleishvili was convicted in the United States District Court for Southern District of New York of conspiracy to commit mail fraud, wire fraud, and health-care fraud, and he was sentenced to 34 months in prison.
>
> On August 27, 2019, the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") charged Buleishvili with being subject to removal from the United States pursuant to Section 237(a)(2)(A)(iii) – 8 U.S.C. §1227(a)(2)(A)(iii) – of the Immigration and Nationality Act ("INA") because he was convicted of an aggravated felony. On February 14, 2020, ICE took Buleishvili into custody, and has detained him since then. He is detained at the Clinton County Correctional Facility.
>
> Buleishvili's first master calendar hearing was scheduled for March 26, 2020. Buleishvili requested a continuance of that hearing. About a month later, Buleishvili appeared for his next master calendar hearing, but that hearing was adjourned after the foreign-language interpreter was unable to connect to the courtroom.
>
> Another master calendar hearing was scheduled, but that hearing was also adjourned. This hearing was adjourned at the request of Buleishvili. His counsel explains that for Buleishvili "to be eligible to apply for adjustment of status based upon his marriage to the mother of his three children, he needed to legally marry her[,]" but first he had to finalize his divorce from his then-current wife, and the New York matrimonial court was closed due to COVID-19.
>
> On June 25, 2020, a master calendar hearing was held. Although Buleishvili challenged the notice to appear, the IJ sustained the allegations and charges of removability. An individualized hearing was set for August 6, 2020, on Buleishvili's

applications for asylum, withholding of removal under the INA, and protection under the Convention Against Torture ("CAT").

After Buleishvili's divorce was completed he requested that he be allowed to marry whiled (sic) detained at the Clinton County Correctional Facility. And Buleishvili filed a motion to adjourn the August 6, 2020 hearing so that he could "marry his finance in order to apply for readjustment of status." He explained that he has three children, who are United States citizens, with his fiancé, who is also a United States citizen, and that both his children and his fiancé have had difficulties because of his detention. The IJ denied that motion. And there were logistical hurdles to obtaining a marriage license due to COVID-19 concerns and Buleishvili's incarceration. But working with counsel for ICE, Buleishvili's counsel arranged for the issuance of a marriage license and a video ceremony such that Buleishvili did not need to be moved from the Clinton County Correctional Facility to get married. The marriage ceremony was scheduled for August 7, 2020.

At the August 6, 2020 hearing, counsel for ICE consented to an adjournment of the hearing so that Buleishvili could proceed with his marriage and his eventual application for a green card. Another individual hearing was scheduled for October 13, 2020.

Buleishvili's new wife filed a Form I-130 "Petition for Alien Relative," which was approved. That hurdle cleared, Buleishvili then filed a Form I-485 "Application to Register Permanent Residence or Adjust Status," and a Form I-601 "Application for Waiver of Grounds of Inadmissibility."

On September 17, 2020, Buleishvili, through counsel, filed the current petition for writ of habeas corpus contending that his continued detention without a bond hearing violates due process. He requests that the court issue a writ of habeas corpus and conduct a bond hearing. He also requests attorney fees and "such further relief as the Court deems just and proper."

(Doc. 17, pp. 2-5) (record citations omitted).

While briefing was ongoing in the instant action, on October 22, 2020, the petitioner had a hearing before the IJ. On November 24, 2020, the IJ

issued a decision denying the petitioner's applications for relief and ordering him removed from the United States to Georgia. On December 1, 2020, the petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). There is no indication on the record as to the status of that appeal.

In her report, Judge Schwab applied the four-factor standard set forth in <u>Santos v. Warden Pike Cty. Corr. Facility</u>, 965 F.3d 203 (3d Cir. 2020), and concluded that two factors weighed in favor of a finding that the petitioner's detention without a bond hearing has become unreasonable and two factors weighed against such a finding. Those factors consider the duration of detention, the likelihood that detention will continue, the reasons for the delay, and whether the conditions of confinement "are 'meaningfully different[ ]' from criminal punishment." <u>Id.</u> at 211. Given that the petitioner faces the possibility of lengthy continued confinement while he pursues his BIA appeal and given the conditions under which he is detained, including his medical concerns, Judge Schwab concluded that due process demands that the petitioner be given a bond hearing.

Respondent has objected to Judge Schwab's report and recommendation arguing that the petitioner's detention has not become unreasonable. To this extent, respondent argues that the petitioner's detention continues to fulfill the purpose of facilitating deportation and

protecting against flight or dangerousness, and that ICE is lawfully detaining the petitioner for removal because his criminal record places him within the ambit of §1226(c). As a result, respondent argues that the petitioner's detention has not become unreasonably prolonged or arbitrary.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Although Judge Schwab found that two of the <u>Santos</u> factors weigh against a finding that the petitioner's continued detention without a bond hearing has become unreasonable: the first factor that considers the duration of the alien's detention, which the Third Circuit has identified as the "most important factor," <u>Santos</u>, 965 F.3d at 211, and the third factor that considers the reasons for any delay, respondent challenges these findings in the objections. In doing so, respondent argues that these factors do not weigh slightly against a finding of unreasonableness as determined by Judge Schwab, but weigh heavily against any finding of unreasonableness.

However slightly, Judge Schwab determined that the above <u>Santos</u> factors weigh against a finding of unreasonableness. The court has reviewed Judge Schwab's determination with respect to these factors and finds no clear error of record. Therefore, the court will overrule the respondent's objections and adopt Judge Schwab's findings as to these factors.

As to the remaining factors, Judge Schwab found that the second factor, whether the petitioner's detention is likely to continue, weighs in favor of a finding of unreasonableness. In doing so, Judge Schwab determined

that the petitioner filed an appeal of the IJ's decision to the BIA, the BIA had yet to set a briefing schedule and that it could take months for the BIA to decide the appeal. She further determined that the petitioner's intention of appealing any adverse decision by the BIA would "add months more in prison." Santos, 965 F.3d at 212. Given these considerations, Judge Schwab found that the likelihood that the petitioner's detention will continue supports a finding of unreasonableness.

Respondent objects to Judge Schwab's finding on the second factor arguing that whether the petitioner wins or loses his appeal is speculative and that, even if he loses his appeal, if he is still detained six months after he files his appeal, ICE will provide him with a bond hearing, thereby providing him with any due process that is required. Upon review, Judge Schwab's analysis of this second factor is directly in line with that of Santos. The court in Santos considered both any potential time it would take for the BIA to issue its decision and, if the BIA dismissed the petitioner's appeal, the time it would take for the petitioner to file and the court to review any appeal, as relevant to this factor. The court finds no clear error on this point.

Additionally as to this factor, respondent cites to the Executive Office for Immigration Review Adjudication Statistics[2] and argues that, based on these statistics, despite the growing number of cases before the BIA, the completion rate of appeals is comparatively faster, and that, because the petitioner is detained, his appeal will proceed through the review process faster than a person who is not detained. Initially, these statistics were not before Judge Schwab when she rendered her report and recommendation. Moreover, the statistics cited by respondent do not speak to the processing of appeals for detained versus non-detained individuals. The court will, therefore, overrule the respondent's objections on this basis.

Finally, as to the fourth factor, whether the conditions under which the petitioner is confined differ meaningfully from criminal punishment, Judge Schwab determined that the petitioner is confined at the Clinton County Correctional Facility which houses pre-trial and convicted detainees, as well as ICE detainees. Citing to petitioner's affidavit, Judge Schwab determined that he is confined to his cell for more than 23 hours a day, he is allowed only 30 minutes in the morning to use the bathroom and shower and another 15 minutes later in the day to use the restroom and call his wife. While

---

[2] https://www.justice.gov/eoir/page/file/1248506 (last accessed February 18, 2021).

respondents argued that inmates at the Clinton County Correctional Facility are not confined to their cells 23 hours a day unless in disciplinary segregation or medical isolation, Judge Schwab noted that the respondent failed to cite any evidence in support of such an assertion. Judge Schwab considered the petitioner's concerns regarding his contraction of COVID-19, but provided that it was unnecessary for her to determine whether the petitioner actually has or had COVID-19 given that the petitioner's conditions of confinement, which included being confined with criminals and being confined to his cell 23 hours a day, weighed in favor of a finding of unreasonableness.[3]

Due to the COVID pandemic, respondent argues that CDC guidelines and policies suggest that an individual who exhibits symptoms be medically isolated for 10-14 days, and that this can result in a detainee being subject to isolation for 23 hours a day for that time period pending COVID testing results or recovery. Respondent argues, however, that this is not common practice at the Clinton County Correctional Facility because it is a medium security facility. Respondent argues that the petitioner's affidavit

---

[3] As noted by Judge Schwab, petitioner had filed a separate petition for writ of habeas corpus in this court seeking immediate release from custody based on his concern that he may be exposed to and contract COVID-19. Buleishvili v. Hoover, Civil Action No. 1:20-607. That petition was denied.

demonstrates that he was confined for an extended period due to his symptoms and not due to any regular practice at the facility. As a result, respondent argues that the petitioner's conditions of confinement were not punitive or unreasonable.

Upon review, even if true that petitioner was placed in lockdown due to his symptoms, respondent's materials do not address the petitioner's contentions with respect the conditions of confinement while in lockdown for his symptoms. For instance, the petitioner claims that he "wanted to see a doctor or nurse," but "[i]nstead of receiving medical attention, [he] kept being ignored," and was "given a ticket" for banging on his cell door to try to get medical attention. (Doc. 16-4). He further claims that he was "denied accommodations to talk to [his] family" and "had to refuse to eat to have someone pay attention to [him] and allow [him] to call [his] wife." (Id.). Such conditions can reasonably be found to be punitive and support a finding of unreasonableness with respect to this final Santos factor.

In light of all of the foregoing, the court will overrule the respondent's objections to the report and recommendation of Judge Schwab and adopt the report and recommendation in its entirety. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**DATE: February 22, 2021**
20-1694-01

- 11 -